**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CLARENCE DAVIS JR.**, | Case No.: |
| Plaintiff, | Hon. |
| v. | **COMPLAINT AND** |
| **OX PAPERBOARD MICHIGAN, LLC** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

_____

## INTRODUCTION

1)   Plaintiff Clarence Davis Jr. (hereinafter "Plaintiff") brings this action against his former employer OX Paperboard Michigan, LLC (hereinafter "Defendant") to seek redress for (a) discriminating against him in his employment on the basis of his race, and for (b) retaliating against him in his employment for his opposition to Defendant's acts made unlawful by federal and state law.

## JURISDICTION AND VENUE

2)   Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. § 2000e-2, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4). The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367. The exercise of supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims.

3) The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

4) Plaintiff has fulfilled all the conditions precedent to the institution of this action under 42 U.S.C. § 2000(e).

5) On or about October 27, 2021, Plaintiff filed a timely charge of discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission.

6) The charge alleged that Plaintiff had been discriminated against on the basis of his race in violation of Title VII, US Civil Rights Act of 1964, as amended.

7) The charge further alleged that Defendant had retaliated against Plaintiff for making an internal complaint about Defendant's acts in violation of Title VII, US Civil Rights Act of 1964, as amended.

8) On December 1, 2022, the EEOC issued a Notice of Right to Sue, attached as an exhibit to this complaint.

9) Plaintiff has filed this complaint within 90 days of receipt of the above referenced notice.

10) Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

11) Plaintiff was hired as an employee at Defendant's production facility in Constantine, Michigan in December 2020.

12) Defendant is a foreign limited liability company organized under the laws of the state of Pennsylvania that operates a production facility in St. Joseph County, Michigan.

13) Defendant was an employer of Plaintiff within the meaning of 42 U.S.C. § 2000e(b) and M.C.L. § 37.2201(a).

## GENERAL ALLEGATIONS

14) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

15) Plaintiff is an African-American man.

16) In February 2021, Plaintiff's supervisor Heath Muma (whom is Caucasian) walked into the breakroom and began complaining loudly about how people accusing "Dr. Seuss of being racist is bullshit".

19) Muma continued his harangue, stating that "everyone makes racist remarks" including himself (Muma) and that "if Donald Trump is racist, everyone is racist."

20) Plaintiff was the only African American in the room and understood these comments as harassment directed towards him based on his race. It appeared to Plaintiff that Muma was inebriated and, furthermore, that Muma's comments were intended to make him uncomfortable and provoke an altercation.

21) Plaintiff left the breakroom to avoid a confrontation.

22) Plaintiff promptly reported the incident to Jerlyn Morton, the Union Safety Coordinator.

23) Ms. Morton noted that the statements by Muma were inappropriate and noted that other employees had complained of similar discriminatory rants.

24) A week later, Mr. Muma approached Plaintiff and told him it was "bullshit" that Plaintiff reported the incident to Morton.

25) Mr. Muma subsequently began retaliating against Plaintiff by assigning him an increased workload, giving him undesirable assignments, telling him he was not permitted to go into the breakroom and refusing to provide Plaintiff a work uniform.

26) When Plaintiff requested a work uniform, Mr. Muma stated, "Nigger, you ain't going to be here long enough to get a uniform."

27) Plaintiff was injured on the job. After his injury, he was told that if he left the premises to seek medical attention that he would be fired. He was treated differently than non-African-American workers in this regard.

28) Defendant and its agents then followed a path of retaliatory and pretextual discipline to punish Plaintiff for having complained about Muma; there was no factual basis for the discipline.

29) Plaintiff was then transferred to a predominantly African-American crew out of discriminatory and retaliatory animus for his race.

30) Defendant accused Plaintiff of calling a co-worker "Uncle Tom".

31) Plaintiff did not call his co-worker "Uncle Tom".

32) Ultimately, Defendant fired Plaintiff because of his race and because he complained about bigoted treatment.

## COUNT I
## Violation of 42 U.S.C. § 2000e: Discrimination in terms, conditions or privileges of employment based on race in violation of Title VII

33) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

34) At all material times, Defendant was an employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

35) Plaintiff's race was a factor in Defendant's decision to subject him to the discriminatory treatment described above.

36) The effect of the practices complained of above has been to discriminate against Plaintiff with respect to his terms, conditions and privileges of employment based on his race, in violation of § 2000e-2 of Title VII, 42 U.S.C. § 2000e-2(a)(1).

37) The unlawful employment practices complained of above were intentional.

38) The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Plaintiff.

39) As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained a loss of earnings, benefits, has suffered mental anguish, emotional distress, humiliation and embarrassment.

## COUNT II
### Violation of 42 U.S.C. § 2000e: Discrimination by Segregation based on race in violation of Title VII

40) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

41) Plaintiff's race was a factor in Defendant's decision to transfer him to a predominantly African-American crew.

42) The effect of the above practice complained of was to segregate Plaintiff in a way which deprived him of employment opportunities and adversely affected his status as an employee based on his race in violation of § 2000e-2 of Title VII, 42 U.S.C. 2000e-2(a)(2).

43) The unlawful employment practice complained of above was intentional.

44) The unlawful employment practice complained of above was done with malice or with reckless difference to the federally protected rights of Plaintiff.

45) As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained a loss of earnings, benefits, has suffered mental anguish, emotional distress, humiliation and embarrassment.

## COUNT III
### Violation of 42 U.S.C. § 2000e: Discrimination by retaliation for opposing Defendant's violation of Title VII

46) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

47)     Plaintiff's complaint to Morton was motivated by his understanding that Muma had violated the laws against discrimination on the basis of race in employment.

48)     Plaintiff's complaint to Morton was based on his opposition to Muma's violation of Title VII and the corresponding state law.

49)     Plaintiff was retaliated against and ultimately terminated from employment for opposing practices made unlawful by § 2000e-3 of Title VII, 42 U.S.C. § 2000e-3(a).

50)     Defendant intentionally retaliated against Plaintiff.

51)     The retaliation complained of above was done with malice or with reckless indifference to the federally protected rights of Plaintiff.

52)     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained a loss of earnings, benefits, has suffered mental anguish, emotional distress, humiliation and embarrassment.

## COUNT IV
## Violation of 42 U.S.C. § 1981

53)     Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

54)     Defendant intentionally discriminated against African-American employees, including Plaintiff.

55)     Said racial discrimination caused Plaintiff to be denied the enjoyment of all benefits, privileges, terms and conditions of the employment because of his race and, ultimately, lead to the termination of his employment contract.

56) As a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained emotional distress and mental anguish, embarrassment, humiliation, damages to reputation, a loss of earnings and benefits, and also seeks punitive damages.

## COUNT V
### Violation of M.C.L. § 37.2202: Discrimination in terms, conditions or privileges of employment based on race in violation of the Elliott-Larsen Civil Rights Act

57) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

58) At all material times, Defendant was an employer covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2201, et seq. and Plaintiff was Defendant's employee.

59) Plaintiff's race was a factor in defendant's decision to subject him to the discriminatory treatment described above.

60) The effect of the practices complained of above has been to discriminate against Plaintiff with respect to his terms, conditions and privileges of employment based on his race in violation of § 202 of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2202(1)(a).

61) The unlawful employment practices complained of above were intentional.

62) The unlawful employment practices complained of above were done with malice or with reckless indifference to the protected rights of Plaintiff.

63) As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained a loss of earnings, benefits, has suffered mental anguish, emotional distress, humiliation and embarrassment.

## COUNT VI
### Violation of M.C.L. § 37.2202: Discrimination by segregation based on race in violation of the Elliott-Larsen Civil Rights Act

64) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

65) Plaintiff's race was a factor in Defendant's decision to transfer him to a predominantly African-American crew.

66) The effect of the above practice complained of was to segregate Plaintiff in a way which deprived him of employment opportunities and adversely affected his status as an employee based on his race in violation of § 202 of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2202(1)(b).

67) The unlawful employment practice complained of above was intentional.

68) The unlawful employment practice complained of above was done with malice or with reckless difference to the protected rights of Plaintiff.

69) As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained a loss of earnings, benefits, has suffered mental anguish, emotional distress, humiliation and embarrassment.

## COUNT VII

### Violation of M.C.L. § 37.2701: Discrimination by retaliation for opposing Defendant's violation of the Elliott-Larsen Civil Rights Act

70) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

71) Plaintiff's complaint to Morton was motivated by his understanding that Muma had violated the laws against discrimination on the basis of race in employment.

72) Plaintiff's complaint to Morton was based on his opposition to Muma's violation of Michigan's Elliott-Larsen Civil Rights Act.

73) Plaintiff was retaliated against and ultimately terminated from employment for opposing practices made unlawful by § 701 of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2701(a).

74) Defendant intentionally retaliated against Plaintiff.

75) The retaliation complained of above was done with malice or with reckless indifference to the protected rights of Plaintiff.

76) As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained a loss of earnings, benefits, has suffered mental anguish, emotional distress, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court enter a judgment in his favor against Defendant for the following relief:

    (A)    Lost wages and benefits, past and future, in whatever amount Plaintiff is found to be entitled;

    (B)    Other compensatory damages in whatever amount Plaintiff is found to be entitled;

    (C)    Punitive and exemplary damages commensurate with the wrong;

    (D)    An award of interest, costs, and reasonable attorney fees; and,

    (E)    Any other and further relief this Court may deem just and proper.

Dated: February 28, 2023        Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiff

## REQUEST FOR TRIAL BY JURY

Now comes Plaintiff Clarence Davis Jr., by and through his attorney, and hereby requests a trial by jury.

Dated: February 28, 2023        Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiff