UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE DAVIS, JR.,

    Plaintiff,

v.

                                      Case No. 1:23-cv-213

OX PAPERBOARD MICHIGAN, LLC,

                                      Hon. Hala Y. Jarbou

    Defendant.
_____/

**ORDER**

On October 12, 2023, Magistrate Judge Sally J. Berens issued a Report and Recommendation (R&R) recommending that this matter be dismissed for want of prosecution and failure to comply with the rules and orders of this Court (ECF No. 28). The R&R was duly served on the parties. No objections have been filed, and the deadline for doing so expired on October 26, 2023. On review, the Court concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

Although Davis has not challenged the magistrate judge's recommendations, his repeated failures to comply with this Court's rules and orders bears emphasizing. He has failed to comply with discovery requests, even after an order compelling him to do so (ECF No. 20). He has repeatedly failed to appear before the Court, including his failure to appear at the September 7, 2023 hearing on the motion to compel discovery (ECF No. 19) and the October 12, 2023 early settlement conference (ECF No. 27). He has also failed to comply with an order directing him to pay Defendant's attorney's fees and costs stemming from the motion to compel (ECF No. 24).

Four factors are considered when dismissing a case for want of prosecution:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Evans v. Liberty Ins. Corp.*, 702 F. App'x 297, 299 (6th Cir. 2017).  While no one factor is dispositive, *id.*, this Court finds that all four weigh in favor of dismissal.  Davis's repeated failures to appear and comply with court orders suggests willfulness, bad faith, and fault as this behavior amounts to a "reckless disregard for the effect of the party's conduct on [these] proceedings." *Id.* (internal quotations omitted).  The Defendant is clearly prejudiced by Davis's failure to comply with discovery requests and orders and is also prejudiced by Davis's failure to pay the ordered attorney's fees.  *Id.* ("An adversary is prejudiced by the dismissed party's conduct when it is 'required to waste time, money, and effort in pursuit of cooperation which a party was legally obligated to provide.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  The magistrate judge warned Davis of this sanction by recommending dismissal in the R&R, a warning he failed to heed by lodging objections or in any way attempting to correct for his past behavior.  Finally, the magistrate judge has tried and failed to obtain compliance through other, less drastic sanctions such as the order to pay Defendant's attorney fees for the motion to compel.

Considering the four *Evans* factors and the "clear record of delay [and] contumacious conduct," dismissal is amply warranted.  *Id.*

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 28) is **APPROVED** and **ADOPTED** as the opinion of the Court.

3

**IT IS FURTHER ORDERED** that this case is dismissed for want of prosecution and failure to comply with the rules and orders of this Court, pursuant to Fed. R. Civ. P. 41(b).

Dated: October 27, 2023              /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE